United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUNFEI LI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-534 |
| | § | |
| GUY BAILEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

There are several motions pending before the Court in this case. First, Guy Bailey ("Bailey"), Havidán Rodríguez ("Rodríguez"), The University of Texas Pan-American ("UTPA"), The University of Texas System ("UT System"), and The University of Texas Rio Grande Valley ("UTRGV") (collectively "Defendants") filed a Rule 12(c) motion for judgment on the pleadings.[1] Second, Plaintiff filed a motion for leave to file first amended complaint.[2] Third, Plaintiff filed an amended motion for leave to file amended complaint.[3] Finally, Defendants filed a motion to stay discovery.[4]

After duly considering the record and relevant authorities, the Court **GRANTS IN PART** the amended motion for leave, adopting the proposed amended complaint only as to the Title VII claim, **GRANTS** the motion for judgment on the pleadings as to all other claims, and **DENIES** as moot the motion to stay discovery.

---

[1] Dkt. No. 4.
[2] Dkt. No. 8.
[3] Dkt. No. 11 (Plaintiff filed the amended motion for leave to amend before filing the reply to Defendants' response in opposition to the original motion for leave to amend.).
[4] Dkt. No. 12.

## I.    Background

Plaintiff asserts that from August 2002 to August 2008, he "was employed as a tenure-track Assistant Professor in the Department of Electrical Engineering"[5] at UTPA. Plaintiff additionally asserts that from June 2008 until the filing of his complaint, he "served as the Graduate Program Director for the Department of Electrical Engineering."[6] Thereafter, Plaintiff was promoted to associate professor and received tenure from UTPA and UT System's Board of Regents on or about September 1, 2008.[7] Plaintiff notes that UTPA's Handbook of Operating Procedures Section 6.2.6 dictates "that tenured faculty shall remain tenured until retirement or resignation unless terminated because of abandonment of academic programs or positions[.]" However, in June 2013, a Texas Bill was signed into law ("the Act") abolishing UTPA and creating a new university within the UT System which would eventually become known as UTRGV.[8] Additionally, the Act instructed UTRGV to hire as many of the UTPA faculty "as is prudent and practical."[9]

Once UTRGV began to hire employees, it commenced doing so in two phases. During the first phase, known as "Phase I," UTRGV accepted applications from UTPA faculty.[10] On September 8, 2014, Plaintiff applied for Phase I hiring at UTRGV.[11] Following his application, Plaintiff was offered a tenure associate position at UTRGV in the College of Engineering and Computer Science.[12] The offer was set to expire on October 17, 2014, and Plaintiff did not accept the offer until October 19, 2014. Plaintiff explains that he "did not receive the offer until

---

[5] Dkt. No. 1-3, at p. 6.
[6] *Id.* at p. 7.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at p. 8.

October 19, 2014, at which time he immediately accepted the offer."[13] On or about October 20, 2014, Plaintiff inquired into the status of his Phase I application.[14] On or about October 22, Rodríguez informed Plaintiff that the offer expired because acceptance occurred after the October 17, 2014 deadline.[15] Rodríguez advised Plaintiff to apply for the second phase of hiring, known as "Phase II," and cautioned Plaintiff "to pay careful attention to the process and deadlines[.]"[16]

During Phase II, Plaintiff "applied to his current position of tenured Associate Professor in the College of Engineering and Computer Science at UTRGV" and "also applied to other positions including an open rank tenure-track/tenured position and two lecturer positions."[17] On or about August 13, 2015, Plaintiff accepted an offer for "the non-tenure position of Senior Lecturer" at UTRGV.[18] This job acceptance predated the scheduled August 31, 2015 date when his tenured employment with UTPA terminated as a result of the University's abolishment under the Act.[19]

Plaintiff thereafter filed this lawsuit in state court asserting a federal claim pursuant to 42 U.S.C. § 1983 against Bailey and Rodríguez for "deprivation of property without due process under the Fifth and Fourteen Amendments to the United States Constitution concerning his interest in continued employment at UTPA, and the UT System and employment at UTRGV."[20] Plaintiff also seeks a declaratory judgment as to UTPA, UTRGV, and UT System, pursuant to

---

[13] *Id.*
[14] *Id.* at p. 9.
[15] *Id.*
[16] *Id.* at p. 10.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.* at p. 11.

the Texas Declaratory Judgment Act, "that he was denied a constitutionally protected interest in continued employment . . . without due course of law."[21]

The case was then removed to this Court pursuant to 28 U.S.C. § 1331.[22] Plaintiff asserts generally that his tenured position at UTPA and UT System gave him a property interest in his continued employment at UTRGV.[23] Plaintiff's complaint is confusing because Plaintiff received a position at UTRGV. It makes no difference for the following analysis, but the Court reads the complaint to assert that Plaintiff has a property interest in his continued employment at UTRGV *in a tenured position*. Plaintiff further asserts that he was denied the right to notice and a hearing before being deprived of that property interest in an arbitrary and capricious manner.[24]

## II.    Motions for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend his pleadings once as a matter of course within 21 days after serving it, or if the pleading requires a responsive pleading, within 21 days after a responsive pleading is served. Thereafter, a party may amend only with written consent of the opposing party or by leave of the Court.[25] Since Plaintiff cannot amend as a matter of course and does not provide written consent of Defendants, Plaintiff requires leave of Court to amend.

Rule 15(a) provides that leave to amend a party's pleading shall be freely given "when justice so requires."[26] Indeed, the Fifth Circuit has stated that "[a] district court must possess a 'substantial reason' to deny a request for leave to amend."[27] In determining whether to allow leave to amend a complaint, courts examine whether there was 1) undue delay; 2) bad faith or

---

[21] *Id.* at p. 13.
[22] Dkt. No. 1.
[23] Dkt. No. 1-3, at p. 11.
[24] *Id.* at p. 12.
[25] FED. R. CIV. P. 15(a)(2).
[26] FED. R. CIV. P. 15(a). *See also Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[27] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Lyn-Lea Travel Corp.*, 283 F.3d at 286)).

dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[28] In the absence of any of these factors, the Court should freely grant the requested leave.[29] Nevertheless, the decision whether to grant leave to amend lies within the Court's sound discretion.[30]

Here, there are two motions for leave to amend. The Court considers the more recent of the two motions as it amends the first. Plaintiff seeks leave "to conform to federal pleading standards, clarify his claims, add claims for equitable relief . . . and assert a Title VII gender discrimination claim[.]"[31] After reviewing the amended motion and the proposed amended complaint, the Court grants leave to amend only as to the Title VII claim. The Court finds that granting leave to amend as to the due process claims and the request for a declaratory judgment is futile for numerous reasons. A motion for leave to amend is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[32]

*First*, allowing Plaintiff to conform to federal pleading standards would not impact the Court's determination that Plaintiff does not have a protected property interest in a tenured position at UTRGV. *Second*, clarification of claims is similarly futile because the supplemental information and support included in Plaintiff's proposed complaint do not make any of his claims meritorious. Plaintiff seeks to add language from UTRGV's "Frequently Asked Questions" which provides that if eligible applicants satisfy Phase I hiring criteria, they "will automatically receive a tenured or tenure-track appointment at URTGV."[33] However, this Court has previously held that such language does not create a protected property interest.[34] Plaintiff's

---

[28] *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[29] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[30] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[31] Dkt. No. 11, at p. 3.
[32] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).
[33] Dkt. No. 8-1, at ¶ 29.
[34] *Edionwe v. Bailey*, 2016 WL 4646633, at *2–3 (S.D. Tex. Sep. 7, 2016).

proposed complaint further alleges that Bailey and Rodríguez should have re-offered Plaintiff the tenured position during its "reconsideration process."[35] This allegation is without merit because Plaintiff is unable to show that he has a protected property interest. Additionally, Plaintiff wants to add a federal declaratory judgment claim, but for the same reasons discussed below, it would fail because of the inability to overcome sovereign immunity. *Finally*, the claims for equitable relief are futile because Plaintiff would need a protected property interest to be entitled to any such relief. For all these reasons, the Court denies the amended motion for leave as to the due process claims and the request for a declaratory judgment.

As a result, the Court grants leave to amend only as to the Title VII claim against UTRGV.

### III.    Motion for Judgment on the Pleadings

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[36] To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[37] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[38] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[39] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[40]

---

[35] *Id.* at 32.
[36] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citations omitted).
[37] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[38] *Twombly*, 550 U.S. at 555.
[39] *Id.*
[40] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[41] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[42] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[43] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[44] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[45]

### a. *Procedural Due Process Claim Against Bailey and Rodríguez*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United states, and must show that the alleged deprivation was committed by a person acting under color of state law."[46] In the instant case, Plaintiff asserts a procedural due process claim against Bailey and Rodríguez claiming: (1) that Bailey denied Plaintiff "the right to notice and a hearing prior to the deprivation of his property right," and (2) that Rodríguez "had the opportunity to provide some type of pre-deprivation remedy and failed to do so."[47] In turn, Defendants argue that Plaintiff was provided with all of the procedural process he was due since the decision to abolish UTPA, and consequently Plaintiff's tenured

---

[41] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[42] *See id.* at 678–79.
[43] *See id.* at 679–80.
[44] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[45] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47 (2014).
[46] *West v. Atkins*, 487 U.S. 42, 48 (1988).
[47] Dkt. No. 1-3, at p. 12.

position, "was made by the legislature and not through an administrative decision by UTPA, UTRGV, UT System, or the Individual Defendants."[48]

In Texas, tenured faculty members do have a constitutionally protected interest in their employment.[49] However, "when a legislature extinguishes a property interest via legislation that affects a general class of people, the legislative process provides all the process that is due."[50] Here, the Act terminated the employment of all UTPA employees when UTPA was abolished. Thus, it was an act of the Texas Legislature which extinguished the property interests of individuals in their tenured positions at UTPA, i.e., legislation extinguishing a property interest affecting a general class of people. As Plaintiff's original complaint notes, the Act, which created UTRGV, stated: "[i]n recognition of the abolition of [UTPA] . . . *as authorized by this Act*, the board of regents shall facilitate the employment at [UTRGV] of as many faculty and staff of [UTPA] as is prudent and practical."[51]

Furthermore, Plaintiff's original complaint acknowledges that UTPA's Handbook of Operating Procedures states "that tenured faculty shall remain tenured until retirement or resignation unless terminated because of abandonment of academic programs or positions[.]"[52] Clearly, Plaintiff was terminated because his position at UTPA was abandoned when UTPA was abolished by the Act. Moreover, Plaintiff cannot claim that his protected property interest in a tenured position at UTPA automatically granted him tenure at UTRGV because "faculty in the University of Texas system are tenured to their particular component institution[.]"[53]

---

[48] Dkt. No. 4, at p. 13.
[49] *Newman v. Kock*, 274 S.W.3d 697, 706 (Tex. App.—San Antonio 2008, no pet.) (citing *Perry v. Sindermann*, 408 U.S. 593, 599 (1972)).
[50] *McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993).
[51] Dkt. No. 1-3, at p. 7 (emphasis added).
[52] *Id*.
[53] *Texas Faculty Ass'n v. Univ. of Texas at Dallas*, 946 F.2d 379, 386 (5th Cir. 1991).

Since the legislative process afforded all the due process Plaintiff was entitled to receive, Plaintiff has failed to allege facts showing that Bailey or Rodríguez deprived Plaintiff of his right to procedural due process. Thus, the Court finds that Plaintiff has failed to state a procedural due process claim. Accordingly, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiff's procedural due process claim, and **DISMISSES THE CLAIM WITH PREJUDICE.**

### b.    *Substantive Due Process Claim Against Bailey and Rodríguez*

Plaintiff also asserts a substantive due process claim against Bailey and Rodríguez, claiming that their decision to terminate Plaintiff's protected property interest was "arbitrary and capricious."[54] As noted earlier, Plaintiff's position was terminated by the Act, and Plaintiff did not have a protected property interest at UTRGV because his tenure was limited solely to UTPA. Generally, legislative decisions which cause the deprivation of a right "are subject . . . to substantive due process analysis."[55]

The substantive due process component of the Fifth and Fourteenth Amendments "forbids the government [from infringing on] certain fundamental liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."[56] However, in cases where no fundamental right has been implicated, the Fifth Circuit has provided the following guidance:

> [T]he due process clause, of its own force, requires at a minimum that state action be supportable by some legitimate goal and that the means chosen for its achievement be rational, i.e., it is of no consequence that the state's method is over-inclusive or under-inclusive, so long as its legitimate goal may be attained by the means chosen.[57]

---

[54] Dkt. No. 1-3, at p. 12.
[55] *Martin v. Mem. Hosp. at Gulfport*, 130 F.3d 1143, 1149 (5th Cir. 1997).
[56] *Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (internal quotation marks omitted).
[57] *Martin*, 130 F.3d at 1149 (citation omitted).

As noted earlier, Plaintiff had a protected property interest at UTPA. Nevertheless, "merely having a liberty or property interest guaranteed by the Constitution is not equivalent to having a fundamental right."[58] Thus, since no fundamental right is implicated in this case, Plaintiff can only establish his substantive due process claim by showing that the legislative action in question is not rationally related to a legitimate goal, i.e., a legitimate state interest.

Here, Plaintiff's original complaint fails to allege that the Act's abolishment of UTPA, and consequently the termination of Plaintiff's employment, is not rationally related to a legitimate state interest. As Plaintiff acknowledges, it was in fact the Act which abolished UTPA.[59] Consequently, the decision to terminate Plaintiff's employment did not originate from Bailey or Rodríguez as Plaintiff asserts but rather from the Act's closure of UTPA. Furthermore, as noted earlier, Plaintiff did not have a protected property interest in a tenured position at UTRGV.

Since Plaintiff's original petition fails to allege that the legislative action in question is not rationally related to a legitimate state interest, Plaintiff's substantive due process claim fails as a matter of law. Thus, the Court **GRANTS** Defendants' motion for judgment on the pleadings to this claim as well. Accordingly, Plaintiff's substantive due process claim is **DISMISSED WITH PREJUDICE.**

### c.    *Declaratory Judgment as to UTPA, UTRGV, and UT System*

Plaintiff seeks a declaratory judgment as to UTPA, UTRGV, and UT System, pursuant to the Texas Declaratory Judgment Act, "that he was denied a constitutionally protected interest in continued employment . . . without due course of law."[60] "However, the [Texas Declaratory Judgment Act] is a procedural, and not a substantive, provision and therefore does not apply to

---

[58] *Anthony v. State*, 209 S.W.3d 296 (Tex. App.—Texarkana 2006, no pet.).
[59] Dkt. No. 1-3, at p. 7.
[60] *Id.* at p. 13.

actions in federal court."[61] Thus, once a case has been removed, an "action under the Texas Declaratory Judgment Act is construed as one brought under the federal Declaratory Judgment Act[.]"[62]

With that in mind, the Court notes that Plaintiff's federal declaratory judgment claim is asserted against UTPA, UTRGV, and UT System. However, state entities such as UTPA, UTRGV, and UT System, as arms of the state, are entitled to sovereign immunity under the Eleventh Amendment absent a voluntary waiver or Congressional abrogation.[63] Moreover, waiver will only be found "where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'"[64] "Likewise, in determining whether Congress . . . has abrogated the States' Eleventh Amendment immunity, . . . an unequivocal expression of congressional intent [is required] to overturn the constitutionally guaranteed immunity of the several States."[65]

Here, nothing has been presented to the Court indicating any such intent by Congress to abrogate Texas' sovereign immunity or indicating that Texas has waived its Eleventh Amendment immunity with respect to Plaintiff's declaratory judgment claim. Thus, the Eleventh Amendment deprives this Court of federal jurisdiction to hear Plaintiff's suit against UPTA, UTRGV, and UT System.[66] Accordingly, Plaintiff's declaratory judgment claim is **DISMISSED WITH PREJUDICE**.

---

[61] *Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 352 (5th Cir. 2014) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

[62] *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 555 (S.D. Tex. 2015).

[63] *See Sullivan v. Univ. of Tex. Health Sci. Ctr. At Houston Dental Branch*, 217 F. App'x 391, 392 (5th Cir. 2007).

[64] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

[65] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 240 (1985) (internal quotations omitted).

[66] *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 342 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state.").

## IV.      Holding

For the foregoing reasons, the Court **GRANTS IN PART** the amended motion for leave, adopting the proposed amended complaint only as to the Title VII claim, **GRANTS** the motion for judgment on the pleadings as to all other claims, and **DENIES** as moot the motion to stay discovery. All of Plaintiff's claims other than the Title VII claim against UTRGV are hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is instructed to docket the amended complaint separately as filed on this date.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of December, 2016.

_____
Micaela Alvarez
United States District Judge